UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　**Plaintiff,**<br>　　v.<br>DEAN SHAH, HENRY CLARKE, JULIUS CSURGO, AND ANTEVORTA CAPITAL PARTNERS, LTD.,<br>　　　　　　　　**Defendants.** | Civil Action No. 22-cv-3012-LJL |

**PRELIMINARY INJUNCTION,
ORDER TO FREEZE ASSETS, AND ORDER TO REPATRIATE ASSETS**

The Court, having considered plaintiff Securities and Exchange Commission's ("the Commission") *ex parte* application for a temporary restraining order, order to freeze assets, and order to repatriate assets, as to defendants Julius Csurgo ("Csurgo"), and Antevorta Capital Partners, Ltd. ("Antevorta") (collectively, "Defendants"), as well as the Complaint (Dkt. No. 7), the Commission's memorandum of law (Dkt. No. 11), and the accompanying materials, including the declaration of Trevor Donelan with accompanying exhibits (Dkt. No. 9), all filed on April 12, 2022; the Court having entered a temporary restraining order, order to freeze assets, and order to repatriate assets on April 12, 2022 (Dkt. No. 10); and the Court having considered the Commission's argument for entry of a preliminary injunction, order to freeze assets, and order to repatriate assets, and Csurgo's and Antevorta's objections, during a hearing held on May 13, 2022; the Court finds that the Commission has made the showing required by Fed. R. Civ. P. 65(a) and, in addition, the Commission has shown that: (i) it is likely that Defendants have directly or indirectly engaged in the violations alleged in the Complaint; (ii) it is likely that, unless restrained and enjoined by an order of this Court, the Defendants will continue to engage

in a fraudulent offering of unregistered securities and the other securities law violations alleged in the Complaint; (iii) it is likely that, unless restrained and enjoined by an order of this Court, the Defendants may dissipate and conceal investor assets that could be subject to an order of disgorgement and/or an order to pay a civil monetary penalty in this action; and (iv) the entry of a preliminary injunction, order to freeze assets, and order repatriating the Defendants' assets to the United States is in the public interest.  In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that the Defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security:

(a) employing any device, scheme or artifice to defraud;

(b) obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 5 of the Securities Act [15 U.S.C. §77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any security through the use or medium of any prospectus or otherwise, unless a registration is in effect as to such security;

(b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §77h].

## IV.

**IT IS HEREBY FURTHER ORDERED** that:

A. The Defendant, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall continue to hold and retain funds and other assets of the Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, including assets held in the name of or for the benefit of the Defendants, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit

arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which were hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) (last 4 digits) |
|---|---|---|---|
| Toronto Dominion Bank | Toronto, Ontario | ANTEVORTA CAPITAL PARTNERS LTD | 1475 |
| Toronto Dominion Bank | Toronto, Ontario | ANTEVORTA CAPITAL PARTNERS LTD | 9753 |
| Toronto Dominion Bank | Toronto, Ontario | OPTIMUM TRADING CAPITAL LTD | 5519 |
| Toronto Dominion Bank | Toronto, Ontario | OPTIMUM TRADING CAPITAL LTD | 1473 |
| Valor Capital | Cayman Islands | ANTEVORTA CAPITAL PARTNERS LTD | 9007 |
| Seven Mile Securities | Cayman Islands | ANTEVORTA CAPITAL PARTNERS LTD | 389K |
| Rainer AG | Switzerland | ANTEVORTA CAPITAL PARTNERS LTD | 1765 |
| Peter Pesic & Co. Securities Inc. | Mauritius | ANTEVORTA CAPITAL PARTNERS LTD | 57AC |
| Tendall Capital Markets Ltd | Malta | ANTEVORTA CAPITAL PARTNERS LTD | 2002 |
| Eliseo Securties | Australia | ANTEVORTA CAPITAL PARTNERS LTD | Unknown |

B.      All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph IV.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendants or over which the Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall continue to hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation,

encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets remain hereby frozen.

      C.      The above Paragraphs IV.A and IV.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## V.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the trading described in the Complaint.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____May 17_____, 2022