```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SECURITIES AND EXCHANGE                                          :
COMMISSION,                                                      :
                                                                 :
                              Plaintiff,                         :    22-cv-3012 (LJL)
                                                                 :
               -v-                                               :    MEMORANDUM &
                                                                 :         ORDER
DEAN SHAH, HENRY CLARKE,                                         :
JULIUS CSURGO, and ANTEVORTA                                     :
CAPITAL PARTNERS, LTD.,                                          :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2022

LEWIS J. LIMAN, United States District Judge:

The United States of America, through the United States Attorney for the Southern District of New York ("Government"), moves to intervene in this United States Securities and Exchange Commission ("SEC") enforcement action pursuant to Federal Rule of Civil Procedure 24. Dkt. Nos. 43, 44. The Government further moves to stay this matter in its entirety until the conclusion of the parallel criminal case, *United States v. Julius Csurgo and Anthony Korculanic*, 22-cr-190 (RA), except that the stay shall not apply to the pending determination of civil penalties and disgorgement owed by defendant Henry Clarke ("Clarke") or to the efforts by the SEC to effectuate service on defendant Dean Shah ("Shah"). Defendants Julius Csurgo ("Csurgo") and Antevorta Capital Partners, Ltd. ("Antevorta" and, together with Clarke, Shah, and Csurgo, "Defendants") consent to the motion. The motion is granted in part and denied in part.

Federal Rule of Civil Procedure 24(a) provides for intervention as of right when the party seeking to intervene "claims an interest relating to the property or transaction that is the subject

of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a). Rule 24(b) authorizes permissive intervention when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In exercising its discretion under Rule 24(b), a court should "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

"A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). In deciding whether to grant such a stay, the Second Circuit has instructed courts to consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id*. at 99 (internal quotation marks omitted) (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y.1995)). However, "[a] total stay of civil discovery pending the outcome of related criminal proceedings . . . is an extraordinary remedy." *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13–14 (S.D.N.Y. 1990).

The Government is entitled to intervene under Rule 24(a) and will be permitted to intervene under Rule 24(b) for purposes of seeking a stay. *See SEC v. Shkreli*, 2016 WL 1122029, at *2–3 (E.D.N.Y. Mar. 22, 2016) (granting intervention under Rules 24(a) and 24(b)); *SEC v. Treadway*, 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005) (collecting cases) ("Whether couching the decision in terms of mandatory or permissive intervention or simply

2

referring to Rule 24 without specifying the subsection on which they rely, courts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery."). The Government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman,* 861 F.2d 49, 50 (2d Cir. 1988); *see also SEC v. Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *1 (S.D.N.Y. Dec. 3, 2019); *SEC v. Blaszczak*, 2018 WL 301091, at *1 (S.D.N.Y. Jan. 3, 2018); *SEC v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."). As in *SEC v. Shkreli*, in this case "there are significant overlaps between the SEC complaint and the indictment in the criminal case" and "[b]oth actions share a great number of common legal and factual questions, which militates strongly in favor of permissive intervention." *Shkreli*, 2016 WL 1122029, at *3; *see also SEC v. Calabrigo*, 2022 WL 4752427, at *3 (S.D.N.Y. Sept. 30, 2022) (same). The Court will thus permit the Government to intervene under Rule 24.

The Court also will grant a stay of the action until the conclusion of the parallel criminal case against Defendant Csurgo, with the exception that the Court's order shall not stay the pending determination of civil penalties and disgorgement owed by Clarke or stay the efforts by the SEC to effectuate service on Shah. The allegations in this case substantially overlap with those in the criminal case. Both arise out of allegations that Defendants participated in a series of stock manipulation schemes, pursuant to which they secretly amassed control of the vast majority of shares of certain publicly traded companies, manipulated the price and trading

volume of these shares, and then sold their secretly amassed positions at inflated values. The time periods that the two cases involve, the identities of the companies whose stock was manipulated, and the allegations all appear to overlap. *Compare* Dkt. No. 44-1 (the Government's criminal indictment), *with* Dkt. No. 44-2 (the SEC's civil complaint). "Courts have consistently recognized [the degree of overlap] as a particularly significant factor." *Shkreli*, 2016 WL 1122029, at *4. This factor thus weighs in favor of a stay. *See, e.g.*, *Crawford & Sons v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter."); *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter.").

The status of the criminal case also favors a stay; Csurgo has been indicted and his criminal case is proceeding. *See Shkreli*, 2016 WL 1122029, at *5 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment."); *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. at 13 ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."). After a defendant has been indicted, the risk that two parallel proceedings may address identical issues leaves the realm of speculation—the criminal case progresses alongside the civil one. "[T]he likelihood that a defendant may make incriminating statements is greatest after an indictment has issued." *Transworld Mech., Inc.*, 886 F. Supp. at 1139. The fact that three of the defendants in this matter are not defendants in the criminal case does not undermine the rationale for a stay. The case against one of the remaining civil defendants, Clarke, has been resolved; the sole remaining issue—determination of civil penalties and disgorgement—will not be affected by the

4

stay fashioned in this case. A second defendant, Antevorta, consents to the stay. The third defendant, Shah, has not yet been served in the civil matter. His interests in lifting the cloud over his life and career will not be compromised by a stay; until he appears, he cannot challenge these allegations. The Court will permit the SEC to serve Shah and give him the opportunity to move to vacate the stay when and if he is served. Thus, no prejudice will result to the other three defendants from this stay. The interests of Csurgo also favor a stay. A stay will benefit Csurgo by obviating the need for him to make the Hobson's choice of asserting his Fifth Amendment rights in the civil case, at risk of receiving an adverse inference by the civil jury, and making potentially incriminating admissions in the civil case, further exposing himself to criminal liability. *See Calabrigo*, 2022 WL 4752427, at *5. The second and fourth factors thus both favor a stay.

The fifth factor favors a stay. "As many courts in similar circumstances have noted, '[t]he Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case.'" *Abraaj*, 2019 WL 6498282, at *3 (quoting *Blaszczak,* 2018 WL 301091, at *3). So does the sixth factor. "It is, of course, in the public interest to prevent circumvention of the limitations on discovery in . . . criminal proceedings." *Id.* at *3 (internal quotation marks omitted) (quoting *Blaszczak,* 2018 WL 301091, at *3). Finally, the SEC does not oppose the stay; it has indicated that it takes no position with respect to the stay and thus the third factor is neutral. *See Id.* at *5 ("[T]he third factor, the private interest of the plaintiff in proceeding expeditiously, is neutral as the SEC has taken no position on this motion."); *Abraaj*, 2019 WL 6498282, at *2 (same). A stay, with the carveouts described above, is thus appropriate in this case.

But the Government's request for the stay to remain in effect until the completion of the criminal case against Csurgo and his co-defendant is denied.  The stay will expire upon the completion of the parallel criminal proceedings against Csurgo, even if the proceedings against Csurgo's co-defendant, who is not charged in this civil case, have not concluded.  The Court is cognizant, however, that there are facts that may support a continuation of the stay after the criminal case against Csurgo, but not his co-defendant, has concluded.  For that reason, the parties may apply for a continuation of the stay if such factual circumstances arise.

The Clerk of Court is respectfully directed to close Dkt. No. 43.

SO ORDERED.

Dated: December 9, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge